IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| LORENDA HILL and SABIRAH BOWMAN, | : | Civil No. 1:17-CV-01491 |
|---|---|---|
| Plaintiffs, | : | |
| v. | : | |
| JAY W. GRAEN and WERNER ENTERPRISES, INC., | : | |
| Defendants. | : | Judge Sylvia H. Rambo |

## **M E M O R A N D U M**

In this diversity action, Plaintiffs assert negligence and negligent entrustment claims arising out of a motor vehicle collision. Presently before the court is Defendant Werner Enterprises, Inc.'s motion to dismiss Plaintiffs' negligent entrustment claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons stated herein, the motion will be denied.

## I. **Background**

### A. **Relevant Facts[1] and Procedural History**

On August 15, 2016, at approximately 5 p.m, Plaintiff Lorenda Hill ("Hill") was operating a motor vehicle on Interstate 76 within the Middle District of

---

[1] Plaintiff Sabirah Bowman initiated a separate action in the Franklin County Court of Common Pleas, No. 2017-3318, based on the same set of facts as the case brought here by Plaintiff Lorenda Hill. The state court case was removed to the Middle District and subsequently consolidated into this matter. (*See Hill v. Graen*, Civ. No. 17-cv-1709, Docs. 1 & 6.) The facts are primarily taken from the complaint in this action, but where necessary have been supplemented from the complaint in Civ. No. 17-cv-1709 ("Hill Cmplt.")

Pennsylvania, carrying Plaintiff Sabirah Bowman ("Bowman" and, together with Hill, "Plaintiffs") as a passenger. (Doc. 1, ¶¶ 7; Hill Cmplt., ¶ 4.) Defendant Jay Graen ("Graen") was operating a tractor trailer owned and controlled by Defendant Werner Enterprises, Inc. ("Werner") when, according to the complaint, Graen negligently caused the tractor trailer to strike Hill's vehicle, severely and permanently injuring Plaintiffs. (*Id.* at ¶¶ 5-8.)

Hill initiated this action by filing a complaint in the Eastern District of Pennsylvania on May 10, 2017. (Doc. 1.) The matter was transferred to the Middle District on August 21, 2017. (Doc. 11.) As noted above, Bowman initiated a similar action in the Franklin County Court of Common Pleas, which was both removed to the Middle District and consolidated into this action. (Doc. 16.) Werner subsequently filed a motion to dismiss Plaintiffs' claim for negligent entrustment (Count II) for failure to state a claim. (Doc. 14.) The motion has been briefed (Docs. 15, 19, 20) and is ripe for disposition.

## II. <u>Legal Standard</u>

Werner seeks dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint against the pleading requirements of Rule 8(a), which requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled

2

to relief." Fed. R. Civ. P. 8(a)(2). For a complaint to survive dismissal it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *United States v. Pennsylvania*, 110 F. Supp. 3d 544, 548 (M.D. Pa. 2015) (quoting *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012)); *see also* Fed. R. Civ. P. 12(b)(6).

### III. Discussion

Werner argues that Plaintiffs' claim for negligent entrustment contained in Count II of the complaint must be dismissed because a negligent entrustment claim cannot be maintained alongside a claim for negligence where 1) a defendant has admitted to an agency relationship and 2) there is no claim for punitive damages. (*See* Doc. 15.) Therefore, because the court must accept Plaintiffs' allegations in the complaint that Graen was acting as Werner's agent when the accident occurred, the negligent entrustment claim fails as a matter of law.

Werner is correct that, "as a general rule, courts have dismissed claims for negligent supervision and negligent hiring when a supervisor defendant conceded an agency relationship with the co-defendant." *Felkner v. Werner Enters., Inc.*,

3

Civ. No. 13-cv-2189, 2014 WL 1013474, *7 (E.D. Pa. Mar. 14, 2014) (quoting *Achey v. Crete Carrier Corp.*, Civ. No. 07-cv-3592, 2009 WL 9083282, *8 (E.D. Pa. Mar. 30, 2009)). Generally, however, dismissal of negligent entrustment claims come at the summary judgment stage, once discovery has brought about an admission by a defendant of the agency relationship. At the motion to dismiss stage, no such discovery or admission has had the opportunity to take place. Because Federal Rule of Civil Procedure 8(d)(3) allows for inconsistent claims at the pleading stage, "[c]ourts have permitted plaintiffs to pursue alternative theories of recovery." *Aetna Life Ins. Co. v. Huntingdon Valley Surgery Ctr.*, Civ. No. , 2015 WL 1954287, *10 n.11 (E.D. Pa. Apr. 30, 2015) (quoting *United States v. Kensington Hosp.*, 760 F. Supp. 1120, 1135 (E.D. Pa. 1991). Accordingly, the court finds that dismissal of Count II would be premature at this stage of the litigation. If appropriate, Werner can raise the issue in a motion for summary judgment after the completion of discovery.

## IV. Conclusion

For the reasons stated herein, the court finds that it would be premature to dismiss Plaintiffs' claim of negligent entrustment contained in Count II of the

complaint, and Werner's motion to dismiss will be denied.

An appropriate order will issue.

                                                s/Sylvia H. Rambo
                                                SYLVIA H. RAMBO
                                                United States District Judge

Dated: May 10, 2018