IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LORENDA HILL,** | : | **Civil No. 1:17-cv-1491** |
| **Plaintiff,** | : | |
| **v.** | : | |
| **JAY W. GRAEN and WERNER ENTERPRISES, INC.** | : | |
| **Defendants.** | : | **Judge Sylvia H. Rambo** |

## M E M O R A N D U M

Presently before the court is a motion *in limine* filed by Defendants Jay W. Graen and Werner Enterprises ("Defendants") to preclude the testimony of Kendra Kubala, Psy.D. ("Dr. Kubala"), an expert witness proffered by Plaintiff, Lorenda Hill ("Plaintiff"). (Doc. 44.)  For the reasons set forth below, Defendant's motion will be denied.

## I.      Background

On May 10, 2017, Plaintiff filed the instant complaint alleging that on August 15, 2016, Defendant Graen was negligently operating a tractor trailer owned by Defendant Werner enterprises in Metal Township, Franklin County, Pennsylvania. Plaintiff alleges that Defendant Graen's negligence caused him to rear-end her vehicle, resulting in severe physical and psychological injuries.

Defendants filed a motion to dismiss on November 20, 2017, which was denied by this court's order dated May 10, 2018.  (Docs. 14, 27.)  Defendants

subsequently filed an answer to the complaint on May 14, 2018. (Docs. 28, 29.)

Defendants contacted the court via letter requesting that the court address discovery-

related issues that had arisen between the parties. (Doc. 28.) The court held a

telephone conference in an effort to resolve these issues on January 30, 2019;

however, the court determined that a formal motion *in limine* was required and

ordered that the matter be briefed. (Doc. 43.) In sum, Defendants argue that Dr.

Kubala should be precluded as a psychological expert because Plaintiff failed to

adequately plead psychological harm in her complaint and also failed to properly

disclose Dr. Kubala as a non-treating psychologist. The matter has been fully briefed

and is ripe for disposition.

## II.    Legal Standard

The Third Circuit has articulated the following factors that a court should

use in determining whether to exclude an expert witness where the party seeking

exclusion alleges that it was not properly noticed of the opposing party's intent to

use such an expert:

> (1) the prejudice or surprise in fact of the party against whom the
> excluded witnesses would have testified, (2) the ability of that party to
> cure the prejudice, (3) the extent to which waiver of the rule against
> calling unlisted witnesses would disrupt the orderly and efficient trial
> of the case or other cases in the court, and (4) bad faith or wilfulness in
> failing to comply with the district court's order.
>
> Additionally, the importance of the excluded testimony should be
> considered. [T]he exclusion of critical evidence is an extreme sanction,

not normally to be imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence.

*Cabrera v. Ross Stores of Pa., LP*, 646 F. App'x 209, 211 (3d Cir. 2016) (quoting *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997)) (internal quotations and citations omitted).

## III. Discussion

Defendants argue that Dr. Kubala should be excluded as an expert on the issue of Plaintiff's psychological injuries because "[P]laintiff failed to disclose any claims of psychological injury." (Doc. 45.) Defendants first suggest that the "boilerplate" language in the complaint stating Plaintiff "suffered emotional injuries along with the physical injuries suffered" (Doc. 1, ¶ 16) is insufficient to notice Defendants that Plaintiff was seeking damages for psychological harm. Defendants also suggest that Plaintiff further obfuscated her claim for psychological damages by failing to disclose that she suffered emotional injuries in response to Defendant's interrogatories. Defendants served the following interrogatories:

> Give a detailed description of the nature, extent[,] and duration of any and all injuries allegedly sustained by you in the accident . . .

> If treated by any hospital, health care centers and/or by a physician, physical therapist[,] or medical person, as a result of the accident, state the names, addresses, dates[,] and duration of all care.

(Doc. 45, Ex. C, ¶¶ 9, 11.) Plaintiff responded to these interrogatories, but did not refer to any mental, emotional, or psychological harms or treatment. (Doc. 45, Ex.

D, ¶¶ 9, 11.) Plaintiff did refer Defendant to certain medical documents and reserved the right to supplement her responses; however, none of the medical documents referred to such injuries and Plaintiff does not appear to have supplemented her responses to include such injuries. (*Id.*) Plaintiff argues that Defendants were on notice that she intended to pursue damages for emotional or psychological harm because of her deposition testimony:

> Q: Do you recall making any complaints to Jefferson Family Practice of Posttraumatic stress in connection with this accident?
>
> A: In connection with it?
>
> Q: Yes, after it.
>
> A: Yes.
>
> Q: What did you tell them about posttraumatic stress?
>
> A: I just tell them that, you know, it was – how do I want to explain it? It was more so I'm scared to drive. Pretty much that, I don't drive like I used to.
> . . . .
>
> Q: Did anyone, any of your medical providers refer you to any other doctors with respect to the posttraumatic stress syndrome?
>
> A: Yes.
>
> Q: Who did they refer you to?
>
> A: Delaware – Trying to remember the name of the counselor. Delaware County Professional Services?
>
> Q: Where are they located aside from Delaware County?
>
> A: Well, the office that I was going to was at 15th and Walnut.
>
> Q: Were you treated by a particular counselor, practitioner?

A: Yes.

Q: Do you know what her name was?

A: Her name was Maggie – Maggie – oh gosh, Maggie something. Sobel. Maggie James Sobel.

Q: S-O-B-A-L do you think?

A: Yes.

(Doc. 51, Ex. A, pp. 51, 65-66.) Plaintiff apparently treated with this provider, later identified as Mattie James Siebelius, for three or four months, approximately one time per month. (*Id.* at pp. 65, 69.) Plaintiff, however, did not disclose that either the orthopedic expert or Dr. Kubala would be testifying as expert witnesses until January 4, 2019. (Doc. 44, Ex. H.)

At this juncture, the court's inquiry is two-fold. Initially, the court must determine whether Plaintiff put Defendants on notice of her intention to pursue emotional or psychological damages. If so, the court must determine whether Plaintiff provided adequate notice of her proposed expert witness, Dr. Kubala. As to the first part of said inquiry, the court finds that Defendants were sufficiently on notice as to the potential for psychological or emotional damages. It is difficult to perceive what other meaning would be gleaned from the phrase Plaintiff "suffered emotional injuries along with the physical injuries suffered" (Doc. 1, ¶ 16), than Plaintiff's notice to Defendants that she intended to seek damages for psychological harm. Furthermore, she mentioned a specific treating counselor for post-traumatic

stress disorder during her deposition, yet Defendants raised no objection after discovery of this treatment. Accordingly, the court finds that Defendants should have been aware of the potential for psychological damages in the instant case.

As to the second issue, Defendants rely primarily upon *Cabrera v. Ross Stores of Pennsylvania, LP*, 646 F. App'x 209 (3d Cir. 2016), as controlling precedent requiring this court to exclude Dr. Kubala. *Cabrera*, however, is an unpublished opinion that merely held that a district court *did not abuse its discretion* by excluding an expert witness and, even so, the factual underpinnings in that case were substantially different from those in the instant dispute. In *Cabrera*, the plaintiff, then proceeding *pro se*, delivered a box of proposed trial documents containing, among other things, an expert report from a non-treating physician. *Cabrera*, 646 F. App'x at 210. The defendant was not aware of the documents until the district court made them available to the defendant less than a month prior to trial. *Id.* Five days later, at the pre-trial conference, the plaintiff conceded that she had no experts to present because her only potential witness declined to appear absent a court order. *Id.* at 210-211. The defendant filed a motion to exclude any expert testimony and a motion for summary judgment, both of which were granted by the district court. *Id.* at 211.

The factual dissimilarities here are obvious. Plaintiff provided notice of her expert, not on the eve of trial, but prior to the expert witness disclosure deadline and

approximately three months before trial. Although Plaintiff's failure, prior to January 4, 2019, to disclose her intention to use an expert to demonstrate psychological harm is worthy of admonition, it does not so severely or irreparably prejudice Defendants that exclusion of her testimony, and accordingly, Plaintiff's claim to emotional or psychological damages is appropriate. *Cabrera*, 646 F. App'x at 211 ("[T]he exclusion of critical evidence is an extreme sanction, not normally to be imposed absent a showing of willful deception or flagrant disregard of a court order.")

Applying the factors set forth in *Cabrera*, Defendants have demonstrated only a moderate inconvenience rather than true prejudice or surprise; any prejudice suffered by Defendant could easily be cured by an extension of discovery rather than exclusion of the expert witness; the pendency of this motion has already stayed and extended said deadlines and trial dates, so there would be no interruption to the orderly progression of this matter to trial; and, finally, there is no evidence of bad faith or willfulness in Plaintiff's failure to supplement her discovery responses. Although such an oversight should not be condoned, it does not rise to such a level that preclusion of a significant portion of Plaintiff's claim should result. Accordingly, the court finds that Defendants have failed to demonstrate that Plaintiff's failure to supplement her discovery responses is sufficiently prejudicial under the factors set forth in *Cabrera*, and, thus, Dr. Kubala's testimony should not

be precluded.[1]  The court will, however, grant Defendants additional time to retain

an expert and prepare responsive expert reports, if necessary.

## IV.    Conclusion

For the reasons set forth above, Defendants have failed to demonstrate

undue prejudice or willful delay that would justify the exclusion of Plaintiff's

proposed expert testimony.  Accordingly, Defendant's motion *in limine* will be

denied.

An appropriate order will follow.

*s/Sylvia H. Rambo*_____
SYLVIA H. RAMBO
United States District Judge

Dated: June 11, 2019

---

[1] Alternatively, Defendants argue that Dr. Kubala should be precluded as a non-treating physician from discussing Plaintiff's representations about the facts surrounding the accident.  *See* F.R.E. 803.  It is unclear what, if any, such statements Dr. Kubala would testify to or will be included in her report.  Accordingly, the court will deny Defendants' motion on this issue without prejudice to renewal during trial, with specificity, in the event such hearsay becomes apparent.